Ronald Eugene **COOLEY, Appellant,**

v.

**Crispus NIX, Warden, Iowa State Penitentiary, Appellee.**

No. 84–1194.

United States Court of Appeals, Eighth Circuit.

Submitted June 5, 1984.

Decided July 9, 1984.

Kermit L. Dunahoo, Des Moines, Iowa, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and ARNOLD, Circuit Judge.

PER CURIAM.

Ronald Eugene Cooley appeals from the final judgment of the District Court[1] for the Southern District of Iowa denying his petition for habeas corpus relief under 28 U.S.C. § 2254. For reversal Cooley argues that the district court erred in finding that his defense counsel's failure to interview potential alibi witnesses did not constitute ineffective assistance of counsel. We affirm the judgment of the district court.

Cooley was charged by information with the robbery of Clinton Carter at Carter's apartment in Des Moines, Iowa. An experienced public defender was appointed to represent Cooley. Cooley is said to have informed his attorney that at the time of the robbery he was in the company of his girlfriend and sister at the home of his girlfriend's mother. Counsel suggested that the girlfriend's mother would need to testify because the girlfriend's testimony standing alone would not have much impact on the jury. Cooley told counsel not to contact the girlfriend's mother because she would hurt his case. At that point counsel dropped the idea of calling the girlfriend as a witness; however, counsel also instructed Cooley, who was free on bail, to bring in his girlfriend and other witnesses who might be helpful. Cooley did not have anyone contact counsel nor did he bring any potential witnesses with him to trial. Counsel believed that if he called the girlfriend to testify on Cooley's behalf, the prosecution would call the girlfriend's mother in rebuttal. Consequently, no alibi defense was presented at trial.

Cooley filed a postconviction relief motion in state court alleging that his trial counsel rendered ineffective assistance. Both Cooley's girlfriend and sister testified at a hearing on the motion that counsel never spoke to them before the trial, and if permitted to testify they would have stated they were with Cooley when the robbery occurred. Counsel's testimony at the postconviction relief hearing was that Cooley had told him that, when the crime occurred, Cooley was with only his girlfriend at her mother's house. Counsel admitted that Cooley had told him that he was at his parents' home with his sister during the evening of the robbery, but not at the time

---

**1.** The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

the robbery occurred. When counsel indicated he would need to contact the girlfriend's mother, Cooley said that she would hurt his case and told him not to contact her. Counsel indicated that he would talk to the girlfriend and sister if Cooley would bring them to the office. Counsel explained that he did not send out an investigator to interview close friends or family members unless the defendant was in jail. His policy was to rely on the defendant to have witnesses come to the office, call him, or bring them to trial. Cooley did not pursue any of these courses of action. In fact, after Cooley's initial suggestion of an alibi defense, he did not mention it again or complain before, during, or after trial about the absence of his purported witnesses. The motion for postconviction relief was denied. The Iowa Court of Appeals was equally divided and affirmed by operation of law. *See* Iowa Code § 684.36(1) (1983). The Iowa Supreme Court denied without opinion Cooley's petition for further review.

The crux of Cooley's argument on appeal is that his trial counsel was ineffective in failing to interview the three purported alibi witnesses. "We have held that defense counsel's failure to interview witnesses can result in a finding of ineffective assistance…. Whether defense counsel's failure to interview witnesses renders his assistance ineffective depends on the facts of each case." *Langston v. Wyrick,* 698 F.2d 926, 931 (8th Cir.1982) (citations omitted). With respect to claims of ineffective assistance of counsel based on counsel's failure to investigate, the Supreme Court recently stated:

> [S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.
>
> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether. And when a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless or even harmful, counsel's failure to pursue those investigations may not later be challenged as unreasonable. In short, inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's investigation decisions, just as it may be critical to a proper assessment of counsel's other litigation decisions.

*Strickland v. Washington,* — U.S. —, 104 S.Ct. 2052, 2066–67, 80 L.Ed.2d 674 (1984).

In the case at bar, counsel explained that he did not interview Cooley's sister because Cooley admitted that he was not with his sister at the time of the robbery. Because her testimony would not have aided in establishing an alibi, we cannot say that counsel's failure to interview Cooley's sister was unreasonable. Counsel's failure to interview Cooley's girlfriend and her mother also was not unreasonable in light of Cooley's warning that the mother's testimony would harm his case. Moreover, we will not second-guess counsel's decision as a matter of trial strategy to forego the potentially beneficial testimony of Cooley's girlfriend, rather than risk the introduction of the mother's potentially damaging testimony on rebuttal. *See id.* at 2065–66.

Accordingly, we affirm the judgment of the district court.