**UNITED STATES of America,**

v.

**Alex S. DEBANGO, a/k/a Ales Debango, Appellant.**

**No. 84–5943.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 6, 1985.

Decided Jan. 3, 1986.

As Amended Jan. 9, 1986.

Ronald A. Goodbread, Washington, D.C. (appointed by this court), for appellant.

Mary Ellen Abrecht, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Thomas J. Tourish, Jr., and Paul L. Knight, Asst. U.S. Attys., Washington, D.C., were on brief, for appellee. Judith Hetherton, Asst. U.S. Atty., Washington, D.C., entered an appearance, for appellee.

Before WRIGHT and EDWARDS, Circuit Judges, and McGOWAN, Senior Circuit Judge.

Opinion for the court filed by Circuit Judge J. SKELLY WRIGHT.

J. SKELLY WRIGHT, Circuit Judge.

Alex Debango was convicted in a jury trial of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846 (1982), and of unlawful distribution of heroin, in violation of 21 U.S.C. § 841(a) (1982). Because we find no error, we affirm appellant's conviction.

### I. BACKGROUND

Appellant, a Washington cab driver, claims that he was approached by Tom Robinson, a government informant, and asked to assist in uncovering narcotics dealers under the "Crime Solvers Program." Appellant claims that he was promised $1,000 for his assistance in uncovering drug dealers. Therefore, when he was introduced to Tombora Hofongo, who told appellant that he was selling heroin, appellant passed the information on to Robinson. Robinson then introduced appellant to Detective Dwight Rawls.

The government claims that Robinson introduced Detective Rawls to appellant as a buyer interested in purchasing a quantity of heroin. According to Detective Rawls, appellant assured Rawls that appellant had the right connections and could facilitate delivery of the heroin. Appellant and Rawls then arranged to meet with a man, later identified as co-defendant Tombora Hofongo, who would provide the heroin. At that time appellant provided Rawls with a 78-milligram sample of 88 percent pure heroin.

The next day Rawls, appellant, and Robinson met with Hofongo to discuss the purchase of a large quantity of heroin. The sale was not actually consummated until several weeks later, on August 13, 1984, when appellant was not present. At that time Detective Rawls met with Hofongo and co-defendant Godson Ezebuiro, who sold Rawls a one-ounce package of heroin for $5,500 in marked bills. The following day the same group reconvened to discuss another sale. After Ezebuiro gave Rawls more heroin, Rawls signaled other agents and the group was arrested. A search of Ezebuiro's apartment uncovered more heroin, plastic bags, cutting agents, and a triple-beam scale. In addition, Chizoba Obasi, who was living there, was arrested. The marked bills were found in Ezebuiro's apartment as well as in Hofongo's apartment.

The government filed an indictment charging appellant, along with co-defendants Tombora Hofongo, Godson Ezebuiro, Chizoba Obasi, and Uchenna Ezebuiro, with conspiracy to distribute heroin, unlawful distribution of heroin, and unlawful possession of heroin with intent to distribute. Appellant was named only in the conspiracy count and in one count of possession with intent to distribute. Appellant made pretrial motions for disclosure of the informant's identity and for severance of the defendants. The court denied both motions and dismissed the charges against Uchenna Ezebuiro. Tombora Hofongo subsequently pleaded guilty to conspiracy and to one other charge. Appellant and Godson Ezebuiro were convicted and Chizoba Obasi was acquitted of all charges. Godson Ezebuiro has not appealed his conviction.

### II. APPELLANT'S PRETRIAL MOTIONS AND THE JURY INSTRUCTIONS

■ Appellant first challenges his conviction on the ground that the District Court improperly denied his motion to sever the defendants. Because the evidence in this case establishes, at best, merely a "one-time" conspiracy to distribute only the small "sample" amount of heroin between Hofongo and appellant, appellant argues, failure of the court to sever defendants Ezebuiro and Obasi was error. Appellant argues that once defendant Hofongo pleaded guilty, no evidence linked appellant with his co-defendants. We reject this argument. A District Court clearly has discretion whether to sever defendants under

Federal Rule of Criminal Procedure 14, and appellant has simply failed to carry his burden of demonstrating an abuse of that discretion. The government's evidence was sufficient to allow the jury to conclude that appellant played a key role in the larger conspiracy as the "flag man" who screened potential customers.

Appellant next challenges his conviction on the ground that the District Court erred in failing to grant his motion for disclosure of the government informant's identity and location. Appellant argues that the informant would have been a material witness and would have been helpful to appellant's defense. Therefore, appellant argues, failure to disclose the informant's current address constituted reversible error. We disagree.

 As an initial matter, appellant never moved for disclosure of the informant's *location* and therefore cannot now complain on that score. *See* Transcript of October 17, 1984 Status Call Hearing at 12–14. Moreover, trial counsel conceded that the government had confirmed Robinson's identity with the Drug Enforcement Agency and disclosed it to defendant. *Id.* at 12–13. Thus, because appellant failed to seek disclosure of Robinson's location and because he received a confirmation of Robinson's identity, we find no basis for appellant's complaint.

Appellant further argues that the District Court erred in its jury instructions. First, he argues, the court failed to give a multiple-conspiracy instruction, informing the jury that the second, larger sale of heroin could be considered a separate and distinct conspiracy unrelated to appellant. Second, he argues, the District Court erred in failing to give a "missing informant instruction" to the jury. Such an instruction informs the jury that when a party fails to utilize a witness peculiarly within his power to produce and whose testimony would elu-

cidate the transaction, the jury may infer that the witness' testimony would have been unfavorable. *See Graves v. United States,* 150 U.S. 118, 121, 14 S.Ct. 40, 41, 37 L.Ed. 1021 (1894); *Wynn v. United States,* 397 F.2d 621, 625 (D.C.Cir.1967).

The Federal Rules of Criminal Procedure, however, expressly bar a party from contesting the jury instructions given by the District Court unless he objects below or the error constitutes plain error. Fed.R. Crim.P. 30, 52(b). *See also United States v. Campbell,* 684 F.2d 141, 148 (D.C.Cir. 1982); *United States v. Raper,* 676 F.2d 841, 852 (D.C.Cir.1982).

 Appellant in this case did not object to the instructions below and consequently must demonstrate plain error. We find that the failure to give a multiple-conspiracy instruction was not plain error, given that the government's evidence was clearly sufficient to support a finding that appellant and his co-defendants were engaged in a single overall conspiracy. Further, appellant failed to lay the foundation for a missing informant instruction by demonstrating that the informant was peculiarly within the government's control. Absent such a foundation, a missing informant instruction cannot properly be given. *See Brown v. United States,* 414 F.2d 1165, 1167–1168 (D.C.Cir.1969) *(per curiam ).* Thus we reject appellant's challenge to the District Court's jury instructions.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant's most credible claim is that he was denied effective assistance of counsel in violation of the Sixth Amendment.[1] In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court extensively discussed the standards to be applied in evaluating inef-

1. Appellant's counsel on appeal replaced appellant's trial counsel only after the case had been appealed to this court. Appellant was sequentially represented by three different lawyers during and immediately after his trial. The lawyer who represented appellant after the con-

clusion of the trial and before the appeal supported appellant's motion for a new trial by arguing, among other things, that appellant had been denied the effective assistance of counsel during the trial.

fective assistance of counsel claims. The Court held that the proper standard for assessing attorney performance is that of reasonably effective assistance under prevailing professional norms. 104 S.Ct. at 2065. The Court cautioned that "[j]udicial scrutiny of counsel's performance must be highly deferential." *Id.* In addition, the Court held, a defendant must demonstrate a reasonable probability that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068. The *Strickland* Court defined a "reasonable probability" as a probability sufficient to undermine confidence in the outcome. *Id. See also Hill v. Lockhart,* — U.S. —, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (reaffirming *Strickland*).

■ Appellant claims that counsel's performance did amount to ineffective assistance of counsel because: (1) counsel failed to interview or to call two witnesses, one of whom could have testified that he overheard Robinson, the informant, ask appellant to participate in the "Crime Solvers Program," (2) counsel failed to request certain jury instructions,[2] (3) counsel failed to locate Robinson, and (4) counsel slept through large portions of the trial.

Counsel's failure to interview the proposed witnesses is troublesome. Had trial counsel interviewed the witnesses, his decision not to call them might be protected from an ineffective assistance claim as a tactical litigation decision. The complete failure to investigate potentially corroborating witnesses, however, can hardly be considered a tactical decision. As the Su-

preme Court noted in *Strickland,* "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." 104 S.Ct. at 2066.[3]

■ Even if counsel's performance fell below prevailing professional norms, however, *Strickland* requires that a defendant establish prejudice. 104 S.Ct. at 2068. The problem on the record before us is that appellant has failed to establish a reasonable probability that he would have been acquitted had his trial counsel properly interviewed the proposed witnesses. Frank Mills, the first proposed witness, would have testified that he overheard Robinson invite appellant to participate in the Crime Solvers Program. Affidavit of Frank Mills, Supplemental Record on Appeal at 16. Appellant introduced the Mills affidavit in the District Court to support his motion for a new trial. Implicit in the District Court's denial of that motion, however, is a finding that appellant was not prejudiced by his trial counsel's failure to interview Mills. We find no basis upon which to disturb the District Court's holding on this point.

To put the prejudice issue in context, we note that the evidence against appellant was compelling. Moreover, because the District Court judge was able to hear appellant's original testimony and weigh his credibility, he was in the best position to evaluate whether appellant had been prejudiced by counsel's failure to interview Mills.

2. Because the proposed jury instructions would have been problematic even had trial counsel proposed them, failure of trial counsel to request the instructions did not constitute a violation of the prevailing professional norms.

3. *See also Nealy v. Cabana,* 764 F.2d 1173, 1177 (5th Cir.1985) ("counsel has the duty to interview potential witnesses and to make an independent investigation of the facts and circumstances of the case"); *Crisp v. Duckworth,* 743 F.2d 580, 583 (7th Cir.1984) ("Though there may be unusual cases when an attorney can make a rational decision that investigation is unnecessary, as a general rule an attorney must investi-

gate a case in order to provide minimally competent professional representation."), *cert. denied,* — U.S. —, 105 S.Ct. 1221, 84 L.Ed.2d 361 (1985). *But cf. Cooley v. Nix,* 738 F.2d 345, 347 (8th Cir.) (failure to interview potential witness justified when witness was subject to damaging impeachment testimony), *cert. denied,* — U.S. —, 105 S.Ct. 597, 83 L.Ed.2d 706 (1984); *Knighton v. Maggio,* 740 F.2d 1344, 1350 (5th Cir.) (failure to interview potential character witnesses for penalty phase of trial justified when counsel made strategic decision to plead for defendant's life instead), *cert. denied,* — U.S. —, 105 S.Ct. 306, 83 L.Ed.2d 241 (1984).

Appellant also argues that he was denied effective assistance of counsel because his attorney failed to locate and interview Robinson, the informant. Again, however, we find that appellant failed to carry his burden of demonstrating prejudice under the *Strickland* analysis. Because appellant failed to introduce evidence in the District Court, in the new trial motion, of what Robinson would have said had trial counsel located him, the record simply fails to support his claim that he was prejudiced by counsel's failure to locate Robinson.[4]

Finally, appellant argues that he was denied effective assistance of counsel because his lawyer slept through much of the trial. Whatever the merits of this claim, *see Javor v. United States,* 724 F.2d 831, 833 (9th Cir.1984), appellant is barred from pursuing the claim in this court because he failed to submit any evidence on the issue in the District Court to support his motion for a new trial.[5]

Thus, because we do not think the District Court's finding on the Mills affidavit was error, and because there is no evidence of what Robinson would have said had he been interviewed or evidence to support appellant's charge of counsel's sleeping at trial, there is no basis for a finding of prejudice. We note that when counsel changes prior to appeal and when there is still a reasonable opportunity to challenge a conviction in the District Court, a criminal defendant bears the usual obligation to raise issues and introduce evidence in the trial court in order to preserve his claims on appeal.[6]

For the foregoing reasons, we reject appellant's challenges to his conviction.

*Affirmed.*

**4.** The third proposed witness, David Dawson, is the cab company dispatcher. Dawson would only have testified that appellant had received several telephone calls from someone named "Tom." *See* Affidavit of David A. Dawson, Supplemental Record on Appeal at 15. Thus counsel's failure to interview Dawson is unlikely to have affected the outcome of the case.

**5.** With his appellate brief appellant submitted two affidavits of courtroom spectators who stated that appellant's counsel appeared to be asleep during much of the trial. Clearly, however, this court cannot evaluate this evidence presented for the first time on appeal. *United States v. Hart,* 729 F.2d 662, 671 (10th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 914, 83 L.Ed.2d 927 (1985); *United States v. Pinkney,* 543 F.2d 908, 915 (D.C.Cir.1976); *United States v. Thompson,* 475 F.2d 931, 932 (D.C.Cir.1973).

**6.** We therefore decline to remand the case to allow appellant to substantiate his contentions concerning Robinson and the sleeping charge. *United States v. Hinton,* 631 F.2d 769 (D.C.Cir. 1980), and *United States v. DeCoster,* 487 F.2d 1197 (D.C.Cir.1973) (*DeCoster I*), are not to the contrary. In those cases we remanded the defendant's ineffective assistance of counsel claims for evidentiary hearings because counsel had changed only on appeal. The defendants in those cases had no opportunity to present evidence in the District Court on their ineffective assistance claims.