UNITED STATES of America

v.

Rodney CYRUS, a/k/a Victor
Barlow, Appellant.

No. 88–3156.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 26, 1989.

Decided Dec. 12, 1989.

Steven J. Riggs, appointed by this Court, for appellant.

Jay B. Stephens, U.S. Atty., with whom John R. Fisher, Elizabeth Trosman, Patricia L. Petty, and Mary B. Murphy, Asst. U.S. Attys., were on the brief, for appellee.

Before MIKVA, EDWARDS, and WILLIAMS, Circuit Judges.

Opinion for the Court filed by Circuit Judge MIKVA.

MIKVA, Circuit Judge:

Appellant, Rodney Cyrus appeals his criminal conviction for possession of over 50 grams of "crack" cocaine. Cyrus alleges that he was denied effective assistance of counsel because his trial attorney failed to challenge evidence as the product of an unlawful *Terry* stop or to move for a mistrial in light of juror misconduct. Appellant also challenges the constitutionality of his sentence imposed under the Federal Sentencing Guidelines, alleging that the higher sentence imposed for crack possession (compared to cocaine possession) offends equal protection, due process, the eighth amendment, and is void for vagueness. Three weeks before this hearing, appellant requested a stay in order to develop a record on the ineffective assistance of counsel claim. However, because this request was made so late, we denied the request. We take this opportunity both to consider appellant's Federal Sentencing Guideline claims and to clarify the law of this circuit regarding preservation of appeal of ineffective assistance of counsel claims.

We find that appellant's challenges to the Federal Sentencing Guidelines are without merit. We also find that because appellant's collateral proceeding for ineffec-

tive assistance is still pending, we must remand this part of his appeal.

## BACKGROUND

Appellant, Rodney Cyrus, was arrested for possession of crack cocaine on April 16, 1988. Cyrus had been approached by two law enforcement officers as he disembarked from a morning train in Union Station. After a brief conversation, Cyrus consented to letting one of the officers search his bag. The officer found three plastic packets containing 178 "rocks" of crack cocaine.

Prior to trial, appellant's counsel moved to suppress evidence of the cocaine on the ground that his client had not voluntarily consented to the search because of the coercive nature of the encounter. After a hearing, Judge Norma Holloway Johnson denied the motion.

Two days before jury deliberations were to begin, the court discovered that one of the jurors had spoken with one of the government's witnesses. Although defense counsel asked that the juror be excused, he did not request a mistrial. The court excused the juror.

Cyrus was subsequently convicted of possession with intent to distribute over 50 grams of cocaine base. 21 U.S.C. §§ 841(a) and 841(b)(1)(A)(iii) (1989). Judge Johnson sentenced him to 121 months in prison, a five-year term of supervised release, and a special assessment of 50 dollars.

## I

### INEFFECTIVE ASSISTANCE OF COUNSEL

Appellant contends that his trial counsel was constitutionally ineffective both because he failed to raise *Terry v. Ohio*, 362 U.S. 1, 80 S.Ct. 527, 4 L.Ed.2d 494 (1968), as a basis for suppressing evidence obtained during the Union Station encounter, and because he failed to move for a mistrial based on alleged juror misconduct. Accordingly, appellant filed an action under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction on the ground that defective representation deprived him of his sixth amendment rights.

Three weeks before oral argument, counsel requested that this court stay its proceedings pending the outcome of appellant's § 2255 action.

Under normal circumstances, we would have granted such a stay. Both equity and judicial economy require that a criminal defendant build an evidentiary record on his ineffective-assistance claims before appealing his conviction on this basis. Without a factual record, it is virtually impossible for this court to determine whether alleged episodes of substandard representation reflect the trial counsel's "informed tactical choice" or a "decision undertaken out of ignorance of the relevant law." *United States v. Brown,* 476 F.2d 933, 935 (D.C.Cir.1973). However, because the hearing date was imminent, and other issues were ripe for review, we declined to stay the case. Nevertheless, we take this opportunity to clarify this circuit's law on the handling of sixth amendment claims raised without a record.

As this court explained in *United States v. DeCoster,* 487 F.2d 1197 (D.C.Cir.1973), where a party has not raised his sixth amendment claims in a motion for a new trial or a collateral attack on the judgment, this court must remand for an evidentiary hearing. *See also United States v. Hinton,* 631 F.2d 769, 777 (D.C.Cir.1980). An evidentiary hearing is critical to our evaluation of most ineffective assistance of counsel claims, since these frequently concern matters outside the trial record, such as whether counsel properly investigated the case, considered relevant legal theories, or adequately prepared a defense. In *DeCoster,* Chief Judge Bazelon carefully described the procedure for appellant's counsel to follow in raising sixth amendment claims after he has already filed an appeal.

> [The claim of ineffective assistance] should first be presented to the district court in a motion for a new trial. In such a proceeding, evidence *dehors* the record may be submitted by affidavit, and when necessary the district court judge may order a hearing or otherwise allow counsel to respond. If the trial court is willing to grant the motion, this court will remand. If the motion is de-

nied, the appeal taken therefrom will be consolidated with the appeal from the conviction and sentence. The record of any hearing held on the motion, and any documents submitted below, will become part of the record on appeal.

487 F.2d at 1204–05 (footnotes omitted); *accord United States v. Tindle,* 522 F.2d 689, 692 & n. 7 (D.C.Cir.1975).

■ Thus, where a party has not sought a new trial or collaterally attacked his conviction on the grounds of ineffective representation, this court must remand. The only exception to that rule is where a defendant has already raised other ineffective counsel claims in an evidentiary hearing. *United States v. Debango,* 780 F.2d 81 (1986). In those cases we have decided an ineffective representation claim without remanding for hearings on a new trial motion. *Debango,* then, stands only for the proposition that the defendant must raise all ineffective counsel claims in the proceeding for new trial.

■ Our precedent should be clear. Where a party fails to create a record on the issue of the ineffectiveness of counsel, this court must remand the case for such proceedings. Where a party has filed a new trial motion or a § 2255 action during the pendency of the appeal, but that proceeding is not completed prior to oral argument, we will stay the entire appeal to permit the district court to develop a record for appeal. Our decision to hear appellant's non-sixth amendment claims in this instance is exceptional, and hopefully we will have rare occasion to repeat it. Where, as here, a litigant has waited until so late to file his § 2255 motion that this court had already invested substantial resources in considering his non-sixth amendment claims, judicial efficiency requires us to remand appellant's sixth amendment claims but hear all other bases for his appeal. Accordingly, we decide Cyrus' challenges to the Federal Sentencing Guidelines but remand both of his ineffective assistance of counsel claims pending the outcome of his § 2255 action.

## II

### CONSTITUTIONAL CHALLENGES TO THE COURT'S SENTENCE

Appellant raises three constitutional challenges to the sentence imposed by Judge Johnson under the Federal Sentencing Guidelines: namely, it is cruel and unusual, offends due process, and violates equal protection. Each of these claims is without merit.

### A. *Eighth Amendment Cruel and Unusual Punishment: Disproportionality*

▮ In 1986 Congress amended 21 U.S.C. § 841 to require that a sentence for distribution of cocaine base (a/k/a crack cocaine) carry a greater sentence than that given for possession of untreated cocaine. Appellant was convicted of possession of cocaine base and was sentenced to a mandatory term of 10 years in prison. Had he been convicted of possessing the same amount of untreated cocaine, there would have been no mandatory sentence and under the Guidelines he most likely would have received only a 2–3 year term.

Appellant argues that the substantially higher term for cocaine base possession violates the eighth amendment prohibition against cruel and unusual punishment because it is disproportionate to the crime. This argument is baseless. There have been only three recognized instances of disproportionality rising to the level of an eighth amendment violation. These involved condemning a man to death for a non-homicide crime (*Coker v. Georgia*, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1976)), imposing life without parole for a nonviolent recidivist who passed a bad check for $100 (*Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)), and sentencing a man in the Philippines to 15 years hard labor for falsifying a government form (*United States v. Weems*, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1909)). A ten-year sentence for drug possession simply does not approach the same level of gross inequity.

### B. *Fifth Amendment Equal Protection: Rational Basis*

▮ Appellant next argues that Congress' decision to distinguish between cocaine and cocaine base is arbitrary and irrational and thus violates equal protection. Appellant contends that neither Congress nor the Federal Sentencing Commission explained this distinction and "hence it is irrational." Appellant further argues that the distinction cannot be justified since there is no difference between cocaine which is sold as cocaine base and cocaine which can be treated by the consumer and transformed into crack. Thus, he contends, there is no rational basis for this law and it must fall on equal protection grounds.

The claim fails. A legislative body need not explicitly state its reasons for passing legislation so long as a court can divine some rational purpose. *New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). Here, such purposes are readily apparent. Crack is far more addictive than cocaine. It is far more accessible due to its relatively low cost. And it has experienced an explosion of popularity. *United States v. Pineda*, 847 F.2d 64, 65 (2d Cir.1988). Any one of these factors would furnish a rational basis for the distinction.

### C. *Fifth Amendment Due Process: Vagueness*

Finally, appellant challenges the cocaine/cocaine base distinction on the grounds that it is unconstitutionally vague. Appellant notes that Congress has not given a definition for the term "cocaine base" and thus leaves broad discretion in the U.S. Attorney's office to characterize cocaine as "base" under section 841.

We rejected this very assertion only last year in *United States v. Brown*, 859 F.2d 974 (D.C.Cir.1988). There we held that "the fact that 'cocaine base' may have various interpretations on the street does not make it incapable of objective definition by chemical analysis." *Id.* at 976. *Brown* is on all fours with this case and disposes of this argument.

## Conclusion

Appellant's constitutional challenges to the Federal Sentencing Guidelines are unsupported by law or logic. However, we remand the ineffective assistance of counsel claims to allow appellant to develop a record below in his pending § 2255 action.

*Affirmed in Part and Remanded in Part.*