948 F.2d 782
 292 U.S.App.D.C. 190
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Harold L. TRIMBLE, Appellee
 No. 91-3010.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 2, 1991.
Rehearing and Rehearing En Banc Denied
Feb. 7, 1992.
 
 Before WALD, SILBERMAN and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause was considered on the record on appeal from the United States District Court for the District of Columbia, and was briefed by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). On consideration thereof, it is
 
 
 2
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed. Trimble's right to a speedy trial, both under the Speedy Trial Act, 18 U.S.C. § 3161, and under the Sixth Amendment test articulated in Barker v. Wingo, 407 U.S. 712 (1972), was not infringed. Delay due to the unavailability of a witness essential to one of the counts in the indictment is permitted under the Speedy Trial Act, see 18 U.S.C. 3161(h)(3), and Trimble cannot be heard to complain of any delay resulting from his nuptials. The postponement of his trial resulted in no prejudice cognizable under the Sixth Amendment. The District Court was also well within its discretion in admitting evidence of the other bad acts of Davis and Becnel at Trimble's trial over objections grounded on FED.R.EVID. 403 and 404. Not only was the evidence of these other acts not offered to show propensity, see FED.R.EVID. 404(b), it was probative evidence inextricably bound up with the crimes with which Trimble was charged and was therefore admissible in any event. See Bracey v. United States, 142 F.2d 85, 88 (D.C.Cir.), cert. denied, 322 U.S. 762 (1944). Finally, Trimble's ineffective assistance of counsel claim is utterly without merit. There were valid tactical reasons for Trimble's trial counsel not to put on a defense, see United States v. DeBango, 780 F.2d 81, 85 (D.C.Cir.1986), and the "new evidence" that Trimble asserts would have justified a new trial pertained only to a count of the indictment that had been dismissed. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.