985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John EDDINGS, Defendant-Appellant.
 No. 92-5442.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1993.
 
 Before KEITH, DAVID A. NELSON and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant, John Eddings, appeals his jury conviction and sentence for possession of crack cocaine. For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On May 30, 1991, John Eddings (hereinafter "appellant") was arrested when police officers executed a search warrant at a townhouse in Memphis, Tennessee. Two officers entered the home and discovered a nine millimeter pistol in a sofa in the living room and a bag containing crack cocaine in the waist band of appellant's trousers. The appellant's arrest followed.
 
 
 3
 The appellant was indicted by the Federal Grand Jury for the Western District of Tennessee. Count one of the three count indictment charged appellant with possession of approximately 8 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count two charged appellant with possession of approximately 22 grams of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Count three charged appellant with carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c).
 
 
 4
 On November 6, 1991, a jury returned a verdict of guilty as to count one on the lesser included offense of possession of cocaine base (8 grams), and a verdict of not guilty as to counts two and three. Under the Sentencing Guidelines, if a defendant is convicted of possession of more than five grams of a cocaine base, the court should apply the Guideline range as if the defendant had been convicted of possession of that mixture or substance with intent to distribute. (U.S.S.G. § 2D2.1(b)(1)). Accordingly, on February 7, 1992, appellant was sentenced to sixty-three (63) months imprisonment in addition to three (3) years supervised release. This timely appeal followed.
 
 II.
 
 5
 The appellant argues that his sentence of 63 months for simple possession of crack cocaine is cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Appellant also argues that the Anti-Drug Abuse Act of 1986, and the Sentencing Guidelines enacted pursuant to it are unconstitutional under the Eighth Amendment. The substance of both arguments is that the punishment is not proportionate to the crime because "the conviction for simple possession carries the same penalty as would a conviction for possession with the intent to distribute the same amount of crack cocaine." (Appellant's brief, p. 4, emphasis added).
 
 
 6
 The purpose of § 2D2.1(b)(1), was to single out possession of crack for substantially more severe punishment than possession of other forms of cocaine. Crack has been perceived as "constituting the single most danger to potential drug abusers because of the nature of its lethal affect." See 134 Cong.Rec. H7704, 7706 (Daily ed. September 16, 1988). In addition to its potency, "its highly addictive nature, its affordability, and its increasing prevalence" have caused members of Congress to consider crack to be more dangerous than cocaine. See, e.g., "Crack" Cocaine: Hearing Before the Permanent Subcomm. on Investigations of the Senate Comm. on Governmental Affairs, 99th Cong., 2d Sess. 20 (1986).
 
 
 7
 In United States v. Levy, 904 F.2d 1026, 1034 (6th Cir.1990), this Court addressed the disparity in sentences between cocaine and cocaine base (crack) under the Anti-Drug Abuse Act of 1986 and the Sentencing Guidelines enacted pursuant to it. The Levy Court held that Levy's disproportion argument did not rise to the level of an Eighth Amendment violation. The Levy Court stated that the only three recognized instances of disproportion that have risen to the level of an Eighth Amendment violation are:
 
 
 8
 condemning a man to death for a non-homicide crime, imposing life without parole for a nonviolent recidivist who forged a check for $100, and sentencing a man in the Philippines to 15 years hard labor for falsifying a government form. A ten-year sentence for drug possession simply does not approach the same level of gross inequity.
 
 
 9
 Levy, 904 F.2d at 1034, quoting United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989). In this case, the appellant's sentence of 63 months and three years supervised release also fails to rise to a level of an Eighth Amendment violation.
 
 III.
 
 10
 For the foregoing reasons, we AFFIRM the sentence of the Honorable Odell Horton, Chief Judge for the Western District of Tennessee.