UNITED STATES of America, Appellee

v.

Walter MATHIS, a/k/a Peaches, a/k/a
Ato T. Mathis–Bey, Appellant.

No. 05–3088.

United States Court of Appeals,
District of Columbia Circuit.

May 24, 2006.

William M: Blier, Roy Wallace McLeese, III, Lisa Hertzer Schertler, Assistant U.S. Attorneys, John Paul Gidez, Kenneth L. Wainstein, U.S. Attorney, Washington, DC, for Plaintiff–Appellee.

Jenifer Wicks, Law Office of Jennifer Wicks, Washington, DC, for Defendant–Appellant.

Before: SENTELLE and BROWN, Circuit Judges, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs by the parties and oral arguments of counsel. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. R. 36(b).

Walter Mathis appeals the District Court's denial of his motion to vacate his conviction pursuant to 28 U.S.C. § 2255. We affirm, holding that Mathis did not receive ineffective assistance of counsel. See Strickland v. Washington, 466 U.S.

668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (ineffective assistance claims entail a showing (1) that counsel's performance was objectively unreasonable and (2) that the case would have turned out differently but for counsel's unprofessional errors); *see also United States v. Bruce,* 89 F.3d 886, 893 (D.C.Cir.1996). The standard of review for § 2255 petitions remains "unsettled" in this circuit. *See United States v. Toms,* 396 F.3d 427, 432–33 (D.C.Cir.2005). However, we need not determine what standard applies here because Mathis's claim "fails even under the more searching *de novo* standard." *Id.*

■ On *Strickland's* first prong, we agree with the District Court that Asiner's performance did not fall "below an objective standard of reasonableness." 466 U.S. at 687–88, 104 S.Ct. 2052. Asiner did not "complete[ly] fail[ ] to investigate [a] potentially corroborating witness[ ]." *United States v. Debango,* 780 F.2d 81, 85 (D.C.Cir.1986). To the contrary, she located Larry Clemons, interviewed him, and ascertained how his testimony could have aided Mathis's defense. Asiner's alleged shortcoming was cutting off the interview once she—a defense attorney with over 20 years' experience—suspected that further investigation would yield information incriminating Mathis's brother. On this record, we cannot say that Asiner's decision overcomes the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

■ Nor can we hold that Asiner acted unreasonably when she deferred to Mathis's decision to keep Clemons off the stand. Mathis complains that Asiner erred in deferring to his wishes concerning the effect of a tactical decision on his brother. But it is within the bounds of professional representation for a lawyer to "defer to the client regarding such questions as . . . concern for third persons who might be adversely affected" by tactical decisions. *See* D.C. R. Prof'l Conduct 1.2 cmt. 1; *see also Strickland,* 466 U.S. at 690, 104 S.Ct. 2052 (Courts should consider "prevailing professional norms" in evaluating whether a performance was objectively unreasonable.); *cf. Jeffries v. Blodgett,* 5 F.3d 1180, 1197–98 (9th Cir.1993) (attorney's acquiescence in a defendant's decision not to present any mitigating evidence was not deficient performance even where the attorney was "prepared to present a mitigation case").

■ On *Strickland's* second prong, we think it highly unlikely that Clemons's testimony would have changed the outcome of the case. Clemons would not have exonerated Mathis by saying that the drug transaction never occurred or that it did occur but Mathis played no part. Clemons merely would have said that he *himself* was not present. *Cf. United States v. Mitchell,* 216 F.3d 1126, 1131 & n. 2 (D.C.Cir.2000) (holding that counsel's decision not to call a witness who would have partially contradicted a key prosecution witness was "plainly insufficient to satisfy the second prong of the *Strickland* test"). Moreover, Clemons may have proved not to be a credible witness, given his lengthy criminal record and reluctance to testify. Judge Flannery so found at Mathis's sentencing hearing, and we have no difficulty concluding that a jury at Mathis's trial might have done the same.

Accordingly, it is ORDERED AND ADJUDGED that the District Court's denial of Mathis's motion to vacate his sentence pursuant to § 2255 is affirmed.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for

rehearing or petition for rehearing *en banc*. *See* FED R.APP. P. 41(b); D.C.CIR. R. 41.