Katsas, Circuit Judge, concurring:
*834 The Court rejects Sitzmann's ineffective-assistance claims on the ground that they are not sufficiently colorable, as first raised on appeal, to justify a remand. I join that analysis, but write separately to highlight a second reason why we should reject Sitzmann's claims-because they were not preserved below.
The usual rule, of course, is that parties must raise issues in the district court in order to preserve them for appeal. See, e.g. , United States v. Gewin , 759 F.3d 72, 78 (D.C. Cir. 2014). We have relaxed that rule for claims alleging ineffective assistance of trial counsel, but only because "trial counsel cannot be expected to argue his own ineffectiveness," United States v. Weaver , 281 F.3d 228, 234 (D.C. Cir. 2002), or to develop the factual record necessary to support such a claim. Thus, when new counsel appears on appeal , he may raise ineffective assistance of trial counsel for the first time-and secure a remand if the claim is colorable and needs further factual development. See, e.g. , United States v. Haight , No. 16-3123, 892 F.3d 1271, 1278, 2018 WL 3077534 (D.C. Cir. June 22, 2018). However, when new counsel appears in the district court and has a fair opportunity to challenge the effectiveness of prior counsel, there is no need-and no justification-for applying any exception to ordinary preservation rules.
United States v. Debango , 780 F.2d 81 (D.C. Cir. 1986), proves this point. In Debango , defense counsel appointed post-verdict unsuccessfully argued, in a motion for new trial, that trial counsel had been ineffective. See id. at 84 n.1. On appeal, the defendant again claimed that trial counsel had been ineffective. On one of the four claims, we held that trial counsel had not rendered deficient performance. See id. at 85 n.2. On a second, we affirmed the district court's finding of no prejudice. See id. at 85. Then, we held that the factual record was insufficiently developed to support the third and fourth claims. With regard to the allegedly ineffective failure to locate and interview a potentially helpful witness, we concluded: "Because appellant failed to introduce evidence in the District Court, in the new trial motion, of what [the witness] would have said had trial counsel located him, the record simply fails to support his claim that he was prejudiced by counsel's failure to locate [the witness]." Id. at 86. Finally, with regard to the final claim that defense counsel had "slept through much of the trial," we held that "appellant is barred from pursuing the claim in this court because he failed to submit any evidence on the issue in the District Court to support his motion for a new trial." Id.
Critically, Debango refused to remand to permit additional factual development on the final two claims. We stated the governing rule: "when counsel changes prior to appeal and when there is still a reasonable opportunity to challenge a conviction in the District Court, a criminal defendant bears the usual obligation to raise issues and introduce evidence in the trial court in order to preserve his claims on appeal." Id. at 86. We then applied that rule: "We therefore decline to remand the case to allow appellant to substantiate his contentions concerning [the witness] and the sleeping charge." Id. at 86 n.6. Finally, we distinguished cases where we had remanded ineffective-assistance claims "because counsel had changed only on appeal," as "[t]he defendants in those cases had no opportunity to present evidence in the District Court on their ineffective assistance claims." Id.
The dissent quotes a statement in United States v. Cyrus , 890 F.2d 1245, 1247 (D.C. Cir. 1989), that Debango "stands only for the proposition" that the defendant, if he chooses to raise any ineffective-assistance *835 claims in a motion for new trial, "must raise all" of those claims together. However, that statement does not control cases where new counsel enters in time to handle the new-trial motion, for Cyrus is not such a case. See Landgraf v. USI Film Products , 511 U.S. 244, 265, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) ("general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used" (quoting Cohens v. Virginia , 19 U.S. (6 Wheat.) 264, 399, 5 L.Ed. 257 (1821) (Marshall, C.J.) ) ). To the contrary, the new counsel in Cyrus entered the case only on appeal . See No. 88-3156 (D.C. Cir. Jan. 6, 1989) (order appointing appellate counsel following notice of appeal). Moreover, in stressing the need for a remand, Cyrus relied centrally on United States v. DeCoster , 487 F.2d 1197 (D.C. Cir. 1973), and United States v. Hinton , 631 F.2d 769 (D.C. Cir. 1980) -the very precedents that Debango had distinguished as ones where "counsel had changed only on appeal." 780 F.2d at 86 n.6. Indeed, Cyrus itself supports the distinction, in explaining that, if possible, "equity and judicial economy require that a criminal defendant build an evidentiary record on his ineffective-assistance claims before appealing his conviction on that basis." 890 F.2d at 1247 (emphasis added).
Furthermore, less than five months before Cyrus was decided, in an opinion joined by its author, this Court confirmed that Debango still was good law and meant what it said: "The law in this circuit is that a claim of ineffective assistance must be made in a motion for a new trial 'when counsel changes prior to appeal and when there is still a reasonable opportunity to challenge a conviction in the District Court.' " United States v. Wood , 879 F.2d 927, 933 (D.C. Cir. 1989) (quoting Debango , 780 F.2d at 86 ).
Finally, even if Cyrus were broadly read to conflict with Debango , then Debango still would govern as the earlier decision. See, e.g. , Sierra Club v. Jackson , 648 F.3d 848, 854 (D.C. Cir. 2011) ("when a decision of one panel is inconsistent with the decision of a prior panel, the norm is that the later decision, being in violation of th[e] fixed law [that panels must follow circuit precedent], cannot prevail").
The post- Cyrus "slew of cases" invoked by the dissent, Post , at 4, which remand colorable ineffective-assistance claims raised for the first time on appeal, does not change the analysis. Not one of those cases discusses the special circumstances where replacement counsel is secured in time to raise the ineffective-assistance-of-trial-counsel claim in a motion for new trial.[1]
Finally, the dissent quotes at length from Massaro v. United States , 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003), and the concurrence in United States v. Mohammed , 693 F.3d 192 (D.C. Cir. 2012), to explain that the courts of appeals "are usually not well-equipped to address ineffective-assistance claims in the first instance." Post , at 4. The dissent is correct on that point, which is precisely why trial counsel should be required, when fairly possible, to tee up in a new-trial motion any claims that predecessor counsel had rendered ineffective assistance.
*836 In this case, there was ample opportunity for replacement counsel to do so. Sitzmann's ineffective-assistance claims all challenge decisions made by his trial counsel on or before the May 21, 2012 jury verdict. Sitzmann's current counsel was appointed June 14, 2012. He sought and received seven extensions of time to file post-trial motions. On January 23, 2013-more than seven months after his appointment-he filed the new-trial motion. Yet, that motion does not raise any of the ineffective-assistance claims that Sitzmann now seeks to pursue on appeal. Under Debango , that is more than enough to constitute a forfeiture.
One final wrinkle involves Sitzmann's own unsuccessful attempts to raise ineffective-assistance claims in the district court in a pro se capacity. However, in a ruling not challenged on appeal, the district court held that Sitzmann had forfeited his right to proceed pro se through a pattern-spanning many years and many different lawyers-of inconsistent statements and filings made "as a tactic for delay, disruption, and manipulation of the legal system." United States v. Sitzmann (Sitzmann I ), 826 F.Supp.2d 73, 84 (D.D.C. 2011). As the court summed up:
Throughout this case, Mr. Sitzmann has demonstrated that his interest is not truly in representing himself. He has engaged in a pattern of vacillation, delay, and manipulation, embracing new counsel until the case is ready to go forward, then manufacturing conflicts and besmirching his attorneys' characters in an attempt to replace them and further delay his case. He has filed a series of contradictory and inconsistent motions over the last several months that mirror his practice over the last three years of reversing and vacillating in his requests to proceed with and without counsel.
Id. at 93. We should not reward those tactics now, by treating Sitzmann as if he were pro se .
Sitzmann's current counsel had ample opportunity to claim in his new-trial motion that trial counsel had been ineffective, yet he failed to do so. Accordingly, I would hold that the ineffective-assistance claims are unpreserved as well as meritless.

The closest any of them comes to this is United States v. McGill , 815 F.3d 846, 934 (D.C. Cir. 2016), which observed in passing that one of the defendants, Kenneth Simmons, had received new counsel prior to sentencing. However, that change was made after Simmons' motion for a new trial had been resolved. See United States v. Simmons , Crim. No. 00-157-12 (D.D.C.), ECF Nos. 2282 (order of May 3, 2006 denying new-trial motion) & 2285 (order of May 8, 2006 appointing new counsel for sentencing and appeal).