Edwards, Senior Circuit Judge, dissenting:
For the reasons indicated below, I dissent from the court's decision and judgment in Part II.F.
Sitzmann's final contention in this case is that his trial attorney provided ineffective assistance of counsel. He raises several grounds in support of his ineffective-assistance claim, including that his trial attorney allegedly (1) made no "effort to limit ... hearsay statements made by retired police officer Buss"; (2) failed to object when a government witness, Agent John Armbruster, read from a transcript of a conversation Sitzmann had with federal officials in 2008; (3) "opened the door" for the prosecution to use "inadmissible evidence harmful to" Sitzmann's defense; (4) stipulated to the admission of Sitzmann's prior convictions under Federal Rule of Evidence 404(b) ; (5) failed to object to certain expert testimony; (6) failed to impeach Sitzmann's co-conspirators with their prior convictions or obtain documents "relating to their service as informants"; and (7) consented to the prosecution's "positions on venue" at trial. Appellant's Br. 58-62; Appellant's Reply Br. 22-25. Sitzmann did not raise these allegations in the trial court proceedings. However, he asks this court to resolve these claims in the first instance because, according to Sitzmann, the trial record conclusively establishes his entitlement to relief. See Appellant's Reply Br. 24.
*837 I disagree with the majority's determination that this court should dispose of Sitzmann's ineffective assistance claims in the first instance. As we routinely do in matters of this sort, I believe that we should remand Sitzmann's claims to the District Court for its consideration. The majority's refusal to remand is, in my view, an unfortunate departure from the law of the circuit.
"When advancing an ineffective assistance argument on direct appeal, an appellant must present 'factual allegations that, if true, would establish a violation of his Sixth Amendment right to counsel.' " United States v. Mohammed , 693 F.3d 192, 202 (D.C. Cir. 2012) (citation omitted). The allegations must show that his "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our precedent makes clear that when a defendant "raises a 'colorable and previously unexplored' ineffective assistance claim on appeal," our typical practice is to remand the claim, "unless the 'record alone conclusively shows that the defendant either is or is not entitled to relief.' " United States v. Bell , 708 F.3d 223, 225 (D.C. Cir. 2013) (citations omitted).
The Government argues that "the trial record 'conclusively shows' that counsel was not deficient and that Sitzmann was not prejudiced." Appellee's Br. 67 (quoting United States v. Rashad , 331 F.3d 908, 910 (D.C. Cir. 2003) ). Citing this court's decision in United States v. Debango , 780 F.2d 81 (D.C. Cir. 1986), the Government also maintains that Sitzmann's ineffective-assistance claim should not be remanded because he failed to "allege ineffectiveness" in his motion for new trial. Appellee's Br. 68. I disagree with the Government on both points. I also note that the Government's reliance on Debango is misguided and reflects a surprising defiance of the law of this circuit.
In Debango , the appellant challenged his conviction for conspiracy to distribute controlled substances on several grounds, including ineffective assistance of counsel. On appeal, the appellant raised four arguments in support of his claim that his trial attorney provided inadequate representation. 780 F.2d at 85. However, in his motion for new trial-which he filed with the assistance of new, post-trial counsel-the appellant had raised only three of his four arguments. Id. at 84 n.1, 85-86. The court considered the merits of the three preserved claims, but "decline[d] to remand the case to allow [the] appellant to substantiate his contentions concerning ... the [fourth allegation]." Id. at 86 n.6. The court noted that "when counsel changes prior to appeal and when there is still a reasonable opportunity to challenge a conviction in the District Court, a criminal defendant bears the usual obligation to raise issues and introduce evidence in the trial court in order to preserve his claims on appeal." Id. at 86.
Three years after Debango was decided, the court "clarif[ied] this circuit's law on the handling of [S]ixth [A]mendment claims raised without a record." United States v. Cyrus , 890 F.2d 1245, 1247 (D.C. Cir. 1989). We explained that:
[W]here a party has not sought a new trial or collaterally attacked his conviction on the grounds of ineffective representation, this court must remand. The only exception to that rule is where a defendant has already raised other ineffective counsel claims in an evidentiary hearing . United States v. Debango , 780 F.2d 81 (1986). In those cases we have decided an ineffective representation claim without remanding for hearings on a new trial motion. Debango , then, stands only for the proposition that the *838 defendant must raise all ineffective counsel claims in the proceeding for new trial.
Our precedent should be clear. Where a party fails to create a record on the issue of the ineffectiveness of counsel, this court must remand the case for such proceedings.
Id. (emphasis added); see also United States v. Fennell , 53 F.3d 1296, 1304 (D.C. Cir. 1995), rev'd on other grounds on reh'g , 77 F.3d 510 (D.C. Cir. 1996) (confirming that "[w]hen an appellant has not raised a claim of ineffective assistance of counsel before the district court, either in a motion for a new trial, pursuant to Federal Rule of Criminal Procedure 33, or in a collateral attack, under 28 U.S.C. § 2255, our general practice is to remand the claim for an evidentiary hearing").
In a slew of cases in the nearly twenty years following Cyrus and Fennell , this court has consistently followed a practice of remanding "colorable" ineffective-assistance claims to the District Court for resolution in the first instance, unless the " 'trial record alone conclusively shows' that the defendant either is or is not entitled to relief." Rashad , 331 F.3d at 910 (citation omitted); see also United States v. James , 719 F. App'x 17 (D.C. Cir. 2018) ; United States v. Eshetu , 863 F.3d 946, 957-58 (D.C. Cir. 2017) ; McGill , 815 F.3d at 942 ; Mohammed , 693 F.3d at 202 ; United States v. Laureys , 653 F.3d 27, 34 (D.C. Cir. 2011) (per curiam). And we have followed this approach even when the defendant failed to raise ineffective-assistance claims in a motion for new trial. See, e.g. , Mohammed , 693 F.3d 192. As the court made clear in Fennell , "[w]hen an appellant has not raised a claim of ineffective assistance of counsel before the district court, either in a motion for a new trial ... or in a collateral attack, ... our general practice is to remand the claim for an evidentiary hearing." 53 F.3d at 1304.
The law of the circuit reflects an understanding on the part of the members of the court that we are usually not well-equipped to address ineffective-assistance claims in the first instance given their "fact-intensive nature." Rashad , 331 F.3d at 909. As the Supreme Court has explained:
When an ineffective-assistance claim is brought on direct appeal, ... the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose. ... The evidence introduced at trial ... will be devoted to issues of guilt or innocence, and the resulting record in many cases will not disclose the facts necessary to decide either prong of the Strickland analysis. If the alleged error is one of commission, the record may reflect the action taken by counsel but not the reasons for it. ... Without additional factual development, moreover, an appellate court may not be able to ascertain whether the alleged error was prejudicial.
Under the rule we adopt today, ineffective-assistance claims ordinarily will be litigated in the first instance in the district court, the forum best suited to developing the facts necessary to determining the adequacy of representation during an entire trial. The court may take testimony from witnesses for the defendant and the prosecution and from the counsel alleged to have rendered the deficient performance.
Massaro v. United States , 538 U.S. 500, 504-05, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). In other words:
We have acknowledged that the court of appeals can resolve an ineffective-assistance issue in the first instance when the *839 record "conclusively" shows that the defendant either is or is not entitled to relief. But given the fact-bound nature of ineffective-assistance claims, that exception arises only rarely. If there is any doubt or difficulty, if it is not obvious from the face of the record whether relief is warranted, the appropriate course is simply to remand.
Mohammed , 693 F.3d at 206 (Kavanaugh, J., concurring in part and concurring in the judgment).
Turning to the facts of this case, the record suggests that Sitzmann attempted to raise a claim of ineffective assistance in the post-trial proceedings. In a pro se letter to the court filed on June 12, 2014, Sitzmann explained that he had filed a pro se motion in November 2012 alleging ineffective assistance of counsel and had repeatedly asked his attorney for an update on the status of that motion, but that-against Sitzmann's wishes-his attorney had withdrawn the motion. See Letter to Court Requesting Hearing Date, United States v. Sitzmann , No. 1:08-cr-242 (D.D.C. June 12, 2014) (Dkt. No. 246). Sitzmann requested that the court reconsider his motion and schedule a hearing on his claims. Id. No such hearing was held.
On appeal, Sitzmann raises seven separate bases for his ineffective assistance claim. If true, the factual allegations underlying his claims may "establish a violation of his Sixth Amendment right to counsel." Mohammed , 693 F.3d at 202 (citation omitted). However, because the record does not conclusively show whether Sitzmann is or is not entitled to relief, I would follow our "typical practice" of remanding his ineffective-assistance claims to the District Court for consideration in the first instance. United States v. Knight , 824 F.3d 1105, 1112 (D.C. Cir. 2016). Accordingly, I dissent from Part II.F.