985 F.2d 562
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Q. WARD, Defendant-Appellant.
 No. 92-3152.
 United States Court of Appeals, Sixth Circuit.
 Jan. 27, 1993.
 
 Before SILER, BATCHELDER and KRUPANSKY, Circuit Judges.
 PER CURIAM:
 
 
 1
 The defendant, Michael Q. Ward (Ward/defendant), appealed the sentence entered on his guilty plea to conspiracy to distribute cocaine and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846. The district court sentenced the defendant to a 78 month term of imprisonment which was within the guideline range of 63 to 78 months. In calculating the sentence, the district court imposed a two-level enhancement for possession of a dangerous weapon pursuant to United States Sentencing Guideline (U.S.S.G.) section 2D1.1(b) and gave the defendant a two-level reduction for acceptance of responsibility for the cocaine found on his person and in the automobile at the time of arrest.
 
 
 2
 On July 23, 1990, DEA agents received a phone call from one of their confidential informants who advised them that he/she had received a phone call from co-defendant Tracy Richardson (Richardson) concerning the sale of approximately four ounces of crack cocaine. The DEA case agent instructed the informant to arrange a meeting for July 25, 1990, at a gas station located in Cincinnati, Ohio.
 
 
 3
 On July 25, 1990, the DEA agents conducted a surveillance as the informant met Richardson at the predetermined location. To the surprise of the agents and the informant, Richardson arrived at the scene in a Jeep with the defendant. Richardson parked the vehicle in a lot across the street from the gas station, exited the vehicle, proceeded to the gas station, and conversed with the informant. At that point, the defendant exited the vehicle and entered the station's office. The DEA agent then observed the informant give $700 to Richardson in exchange for several packets of crack cocaine and cocaine powder. During this transaction, the defendant exited the station's office and returned to the Jeep parked on the opposite side of the street. Subsequently, the DEA agents arrested both Richardson and the defendant. In a search of the vehicle and defendant conducted subsequent to the arrest, the agents discovered in the Jeep two ounces of cocaine powder and an unloaded revolver which was registered to Ward, as well as 4.7 grams of crack cocaine on Ward's person and bullets to the revolver in Richardson's pocket.
 
 
 4
 According to the DEA agent, Richardson advised him during a debriefing that on July 25, 1990, he went to Ward's residence and delivered 4.7 grams of crack cocaine to Ward and then requested Ward to accompany him as he "had some business to take care of ... and that afterward they would go 'hand out' together." While in Ward's apartment, Richardson observed that Ward was carrying a loaded revolver. Richardson took the gun from Ward, unloaded it, and placed the bullets in his pants pocket.
 
 
 5
 Pursuant to a plea agreement on December 12, 1990, the defendant pleaded guilty to a two-count Superseding Indictment, charging one count of conspiracy to possess with intent to distribute 531.77 grams of cocaine in violation of 21 U.S.C. §§ 841 and 846(b)(1)(c), and one count of possession with the intent to distribute 4.7 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1).
 
 
 6
 At the first sentencing hearing conducted on July 25, 1991, the defendant urged the district court to depart downwards from the guidelines for diminished capacity. Noting that a psychologist opined that the defendant was not qualified to stand trial, the district court delayed sentencing to have the defendant examined by a psychiatrist to determine if he was competent when he entered his plea and whether he was competent to be sentenced.
 
 
 7
 At the January 29, 1992 sentencing hearing, the court concluded from the psychiatric reports that the defendant was competent at the time he entered his guilty plea and that he had the capacity to understand the nature and consequences of sentencing. The court subsequently vacated all rulings made by it relating to the sentencing conducted on July 25, 1991, and requested defense counsel to reassert his objections to the presentence report. Defense counsel asserted three objections to the presentence report concerning the amount of crack cocaine used to calculate the base offense level, a two-point reduction for acceptance of responsibility, and the two-level enhancement for possession of a firearm.
 
 
 8
 In his first assignment of error, the defendant charged that the district court incorrectly enhanced his sentence for possession of a weapon because the government failed to prove that the defendant possessed the gun or that there was a connection between the revolver and the admitted misconduct alleged in counts one and two of the Superseding Indictment. Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides that a defendant's base offense level be increased two levels for possession of a firearm during the commission of a drug offense. Application note three to section 2D1.1 provides:
 
 
 9
 The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.
 
 
 10
 (emphasis added).
 
 
 11
 In order to warrant a section 2D1.1(b) adjustment, the government need only prove by a preponderance of the evidence that the defendant possessed the weapon during the commission of the offense. United States v. Sanchez, 928 F.2d 1450, 1460 (6th Cir.1991). Although these are two separate inquiries, in most cases they merge into a single factual determination because the weapon was present when the arrest took place or at the site of the crime. Id. Moreover, the ownership, dominion, or control of a weapon or dominion over the premises where a gun is located may constitute constructive possession of a weapon. United States v. Snyder, 913 F.2d 300, 304 (6th Cir.1990), cert. denied, 111 S.Ct. 709 (1991). The key to constructive possession is the immediate availability or access to the gun during the commission of the offense. Id. Once the government proves a defendant was in possession of a weapon while committing the charged offense, its burden has been satisfied because a presumption arises that such possession was connected to the offense. Sanchez, 928 F.2d at 1460. The government is not required to produce any additional evidence proving a connection between the weapon and the offense for section 2D1.1(b)(1) enhancement to be appropriate. Id. Moreover, section 2D1.1(b)(1) enhancement applies to inoperable firearms since "the mere 'display of a gun instills fear in the average citizen' and 'as a consequence ... creates an immediate danger that a violent response will ensue.' " United States v. Burke, 888 F.2d 862, 869 (D.C.Cir.1989).
 
 
 12
 In the instant action, the district court did not erroneously conclude that the government proved by a preponderance of the evidence that the defendant constructively possessed the weapon during the commission of the charged offense, since the weapon was registered in his name, was located in the unlocked glove compartment of the vehicle which was being used during the commission of the drug offenses to which he pleaded guilty and was immediately available for his use if required to advance the objectives of the offenses. Accordingly, this assignment of error is without merit.
 
 
 13
 Defendant's second assignment of error is equally without merit. He asserted that the district court erred when it did not depart downward from the guidelines based upon defendant's diminished capacity. Although the defendant at the July 25, 1991, sentencing hearing requested that the court depart downward from the guidelines for diminished capacity, the district court, on January 30, 1992, vacated all rulings made by it on July 25, 1991, and requested defense counsel to reassert his objections to the presentence report. Defense counsel failed to reassert this departure request to the trial court at the January 30, 1992 hearing. The record disclosed that even though the defendant failed to reassert the controversial objection to the presentence report, he was not entitled to such a reduction since the court had concluded as a matter of fact that he was competent when he entered his guilty plea and when he had been sentenced. Moreover, the presentence report did not recommend any such reduction. United States v. Pea, 947 F.2d 946 (6th Cir.1991), cert. denied, 112 S.Ct. 1280 (1992) (unpublished per curiam).
 
 
 14
 Finally, the defendant asserted that the sentencing guideline for crack offenders, which treats crack cocaine as the equivalent of 100 times the same amount of cocaine powder under 21 U.S.C. § 841(b), unconstitutionally discriminates against black offenders in violation of the Equal Protection Clause. Since the defendant did not assert this issue in the district court, this court need not address this assignment of error. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Moreover, this court in United States v. Williams, 962 F.2d 1218, 1227 (6th Cir.), cert. denied, 1992 U.S. LEXIS 6139 (1992), recently concluded that the penalty scheme of 21 U.S.C. § 841(b) does not violate Equal Protection. Accord United States v. Galloway, 951 F.2d 64, 66 (5th Cir.1992); United States v. Lawrence, 951 F.2d 751, 753-56 (7th Cir.1991); United States v. Thomas, 900 F.2d 37, 39-40 (4th Cir.1990); United States v. Cyrus, 890 F.2d 1245, 1248 (D.C.Cir.1989).
 
 
 15
 Accordingly, after reviewing the briefs and arguments of counsel, and the record in its entirety, the disposition of the district court is hereby AFFIRMED.