**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 10-6022 |
| v. | (W.D. Oklahoma) |
| CURTIS LEROY ROBERTSON, | (D.C. No. CR-07-00056-C-1) |
| Defendant - Appellant. | |

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **BRORBY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Following a jury trial, defendant and appellant Curtis LeRoy Robertson was

found guilty of two counts of drug-trafficking involving cocaine base (crack

cocaine) and two counts relating to firearms possession. He was sentenced to life

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

imprisonment on the two drug-trafficking counts, 120 months' imprisonment on one firearm possession count (all to run concurrently) and 60 months on the remaining firearms count, to be served consecutively. Mr. Robertson appealed, challenging his convictions but not his sentences. This court affirmed his convictions. United States v. Robertson, 2008 WL 4648277 (10th Cir. Oct. 22, 2008) (unpublished).

Acting *"in propria persona,"* Mr. Robertson filed a "Motion for Relief Via Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2)," requesting relief from his sentence based upon the retroactive 2007 crack cocaine amendment (Amendment 706) which reduced the disparity between the punishment for crack cocaine crimes and powder cocaine crimes. Counsel was appointed to assist Mr. Robertson. The district court held it lacked jurisdiction to modify Mr. Robertson's sentence. This appeal followed.

**BACKGROUND**

The details of the crimes of conviction are provided in our decision on direct appeal and need not be repeated here except as necessary to the resolution of this appeal. As indicated above, Mr. Robertson was indicted and convicted of one count of possessing more than fifty grams of cocaine base with the intent to distribute, one count of conspiring to possess more than fifty grams of cocaine base with the intent to distribute, one count of possessing a firearm in furtherance

of a drug-trafficking crime, and one count of being a felon in possession of a firearm and ammunition. The government gave notice under Fed. R. Evid. 404(b) that it intended to offer at trial evidence of Mr. Robertson's prior drug and gun convictions. We upheld on appeal the admission at trial of Mr. Robertson's 1995 conviction for trafficking in cocaine base, as well as his 1998 conviction for possessing a controlled dangerous substance (cocaine base).

In preparation for sentencing following Mr. Robertson's conviction by the jury, the United States Probation Office prepared a presentence report ("PSR"). Mr. Robertson was held accountable for 50.4 grams of cocaine base. This led to a base offense level of 32 under the advisory United States Sentencing Commission, Guidelines Manual ("USSG"). Because of the two prior felony convictions identified in the Rule 404(b) notice and disclosed in the government's information, the PSR concluded that the career offender provisions of the Guidelines applied. See USSG § 4B1.1. The total offense level under the career offender provisions was 37.

Accordingly, with a total offense level of 37 and a criminal history category VI (based on Mr. Robertson's 18 criminal history points), the corresponding advisory guideline sentencing range was 360 months to life imprisonment. The relevant statutory provisions stipulated a sentence of life imprisonment for the two drug counts. See 21 U.S.C. § 841(b)(1)(A). One of the firearms convictions provided for a statutory term of five years to life, to run

consecutively to any other prison term imposed, <u>see</u> 18 U.S.C. § 924(c)(1)(A), and the other involved a statutory maximum term of ten years. <u>See</u> 18 U.S.C. § 922(g)(1). Accordingly, Mr. Robertson was sentenced to two concurrent terms of life for the drug convictions, a concurrent 120-month sentence for being a felon in possession of a firearm, and a consecutive 60-month sentence for possessing a firearm in furtherance of a drug trafficking crime.

As indicated above, Mr. Robertson subsequently filed a motion for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Guidelines, which generally adjusted downward by two levels the base offense level assigned to quantities of crack cocaine. This appeal followed the denial of that motion.

## DISCUSSION

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." <u>United States v. Sharkey</u>, 543 F.3d 1236, 1238 (10th Cir. 2008) (further quotation omitted). "We review for an abuse of discretion a district court's decision to deny a reduction in sentence under 18 U.S.C. § 3582(c)(2). <u>Id.</u> Finally, "[w]hen a 'motion for [a] sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, the viability of [the] motion depends entirely on 18 U.S.C. § 3582(c).'" <u>Id.</u> (quoting <u>United States v.</u>

Smartt, 129 F.3d 539, 540 (10th Cir. 1997) (internal quotation and alteration omitted)).

Section 3582(c)(2) provides in pertinent part as follows: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable police statements issued by the Sentencing Commission."  The relevant policy statement, contained in USSG § 1B1.10(a)(2)(B), states that a reduction "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if" the reduction "does not have the effect of lowering the defendant's applicable guideline range."

While Amendment 706 can have the effect of lowering the applicable guideline range for certain defendants, we have explicitly stated that "Amendment 706 has no effect on the career offender guidelines in § 4B1.1."  Sharkey, 543 F.3d at 1239.  Thus, assuming the district court relied upon the career offender guidelines in determining Mr. Robertson's sentence, his reliance on Amendment 706 to seek a reduction in his sentence is foreclosed by circuit precedent. Mr. Robertson also appeared to be subject to a statutory minimum of life imprisonment, as well as other statutory sentences relating to the other counts of

conviction. Amendment 706 is equally unavailing if Mr. Robertson "was sentenced to a statutory mandatory minimum." Smartt, 129 F.3d at 542. Mr. Robertson, in fact, concedes this point: "Counsel recognizes this Court has held, in the context of Amendment 706, that Title 18, United States Code, Section 3582(c)(2) does not vest a district court with jurisdiction to reduce a sentence imposed as a minimum mandated by statute." Appellant's Br. at 9.

Accordingly, acknowledging that Amendment 706 provides him no assistance, Mr. Robertson retreats to a final, constitutional argument: "[c]ontinuing to enforce the 100-to-1 [crack cocaine] differential results in cruel and unusual punishment, in violation of the Eighth Amendment." Id. at 8-9. The government responds with two arguments: first, Mr. Robertson failed to raise this Eighth Amendment issue before the district court below; and, second, the argument fails on its merits. We agree with both of the government's propositions.

It is well-established that "[i]ssues not raised in the district court will not be considered for the first time on appeal when there is no showing of an impediment to the appellant that precluded his raising the issue." United States v. Chee, 514 F.3d 1106, 1115 (10th Cir. 2008) (internal quotation marks and alterations omitted). Mr. Robertson claims to have raised it because he "placed the salient facts before the district court." Appellant's Br. at 10 (citing Doc. 172 at 4-5, Supplement to Mot. for Reduction of Sentence). The cited pages contain

argument about the unfairness of the 100-to-1 differential in punishment between crack cocaine and cocaine powder offenses, but mention nothing about the Eighth Amendment. We could, accordingly, dismiss this argument on the ground that Mr. Robertson raises it for the first time on appeal.

Even were we to address the merits of the argument, however, Mr. Robertson would not prevail. "We review *de novo* whether a criminal sentence violates the Eighth Amendment." United States v. Williams, 576 F.3d 1149, 1165 (10th Cir. 2009). Our court has previously held, directly or indirectly, that the disparity in sentencing between crack and powder cocaine offenses does not violate the Eighth Amendment's ban on cruel and unusual punishment. See, e.g., id. (rejecting argument that "concurrent life sentences imposed for his two cocaine possession convictions violate the Eighth Amendment because they are disproportionate to those crimes"); United States v. Brooks, 161 F.3d 1240, 1247 (10th Cir. 1998) (holding that circuit precedent foreclosed argument that "the distinction between powder and crack cocaine violates . . . [defendant's] Eighth Amendment right to be free from cruel and unusual punishment"). Other circuits have reached the same result. See, e.g., United States v. Garcia-Carrasquillo, 483 F.3d 124, 134 (1st Cir. 2007) (noting that, while it was an issue of first impression in the First Circuit, "every other circuit has rejected the argument that the sentencing disparity between crack cocaine and powder cocaine constitutes cruel and unusual punishment"); see also United States v. Brazel, 102 F.3d 1120,

1158 (11th Cir. 1997); <u>United States v. Jackson</u>, 59 F.3d 1421, 1424 (2d Cir. 1995); <u>United States v. Smith</u>, 34 F.3d 514, 525 (7th Cir. 1994); <u>United States v. Fisher</u>, 22 F.3d 574, 580 (5th Cir. 1994); <u>United States v. Frazier</u>, 981 F.2d 92, 96 (3d Cir. 1992); <u>United States v. Levy</u>, 904 F.2d 1026, 1034 (6th Cir. 1990); <u>United States v. Thomas</u>, 900 F.2d 37, 39 (4th Cir. 1990); <u>United States v. Buckner</u>, 894 F.2d 975, 980-81 (8th Cir. 1990); <u>United States v. Cyrus</u>, 890 F.2d 1245, 1248 (D.C. Cir. 1989). The First Circuit also observed that it had "stated many times before that the decision to employ a 100:1 crack-to-powder ratio is a policy judgment, pure and simple, and therefore it is up to Congress—not the courts—to adopt rational drug equivalency rations." <u>Garcia-Carrasquillo</u>, 483 F.3d at 134 (internal quotation and alteration omitted).

In his reply brief, Mr. Robertson attempts to explain why he can challenge the crack-powder cocaine differential under the Eighth Amendment, despite the fact that our cases state that Amendment 706 is unavailable to him and the district court therefore has no jurisdiction under § 3582(c)(2) to modify his sentence. He argues that it is the fact that the district court lacks jurisdiction that itself causes the Eighth Amendment violation: "Mr. Robertson was required to concede the existence and applicability of the district court's jurisdictional limits. <u>Because of the constraints on the district court's jurisdiction</u>, Mr. Robertson remains sentenced to life imprisonment. <u>It is this result</u> that gives rise to Mr. Robertson's current Eighth Amendment claim." Appellant's Reply Br. at 4 (emphasis added).

But, inasmuch as the "constraints" on the district court's jurisdiction in a case like this are the direct result of our caselaw, Mr. Robertson is still bound by the effect of that caselaw. Thus, his freestanding Eighth Amendment claim fares no better than his argument based on Amendment 706. The district court's order denying Mr. Robertson's motion is affirmed.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge